UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------X

PAUL AKOTO,

                                  Plaintiff,

      -against-

CITY OF NEW YORK, JOHN FAHIM, Individually,
MICHAEL PARISI, Individually, IGNAZIO CONCA,
Individually, MICHAEL BROOKS, Individually,
JONMICHAEL RAGGI, Individually, JOHN CIRELLI,
Individually, and JOHN and JANE DOE 1 through 10,
Individually (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                  Defendants.

----------------------------------------------------------------------------X

**AMENDED COMPLAINT**

13 CV 1189
(ENV) (VVP)

<u>Jury Trial Demanded</u>

Plaintiff PAUL AKOTO, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

### **Preliminary Statement**

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

### **JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff PAUL AKOTO is a twenty-two year old African American man who resides in Staten Island, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants JOHN FAHIM, MICHAEL PARISI, IGNAZIO CONCA, MICHAEL BROOKS, JONMICHAEL RAGGI, JOHN CIRELLI, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New

York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. This action arises from the defendants' custom, policy and practice of improperly investigating suspected trespassers leading to the false arrest of innocent individuals, as well as racial profiling and harassment, and resulting in the successive violations of plaintiff's civil rights on March 7, 2010 and January 28, 2012.

**Incident One**

13. On March 7, 2010, at approximately 12:05 a.m., plaintiff was lawfully present inside of 55 Bowen Street, Staten Island, New York.

14. Plaintiff was leaving 55 Bowen Street, having just come from visiting his friend Alfred Demby who resided in apartment 622, when he was stopped by, upon information and belief, defendants JOHN FAHIM and MICHAEL PARISI.

15. Plaintiff informed the officers that he was visiting his friend, and provided the officers with his friend's name and apartment number.

16. The defendant officers nonetheless arrested and handcuffed plaintiff and transported him to the 120th Police Precinct.

17. The defendant officers imprisoned plaintiff until his arraignment in Richmond County Criminal Court on baseless charges that he was trespassing filed under docket number 2010RI002246; said charges having been filed based on the false allegations of defendant FAHIM. The defendants initiated said prosecution with malice, and otherwise caused said

3

prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority.

18. As a result of the defendant officers' false statements, plaintiff was compelled to return to court on May 18, 2010, on which date all the false charges levied against him were dismissed and sealed in Richmond County Criminal Court.

19. Defendant IGNAZIO CONCA supervised defendants JOHN FAHIM, MICHAEL PARISI, JONMICHAEL RAGGI, and JOHN and JANE DOE 1 through 5, and approved of, oversaw, and otherwise participated in the arrest and prosecution of the plaintiff.

20. Defendants JOHN FAHIM, MICHAEL PARISI, JONMICHAEL RAGGI, and JOHN and JANE DOE 1 through 5 either directly participated in or failed to intervene in the illegal conduct described above.

**Incident Two**

21. On January 28, 2012, at approximately 5:00 a.m., plaintiff was lawfully present on the 4th floor of 280 Park Hill, Staten Island, New York as a lawful guest of Amanda Gaye, who resided in apartment 4F.

22. On the aforesaid date and time, defendant officers, including but not limited to defendant MICHAEL BROOKS and JOHN CIRELLI, stopped plaintiff and arrested him, notwithstanding the fact that, upon information and belief, the officers knew that plaintiff was an invited guest of Amanda Gaye.

23. The defendant officers handcuffed plaintiff and transported him the 120th Police Precinct.

24. The defendant officers imprisoned plaintiff until the next morning when they transported plaintiff to Richmond County Criminal Court.

25. At approximately 10:30 a.m., on January 29, 2012, plaintiff was released from Richmond County Criminal Court without any charges lodged against him after the Richmond County District Attorney's Office reviewed the arrest and decline to prosecute plaintiff.

**As to Incidents One and Two**

26. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, conducting an unlawful trespass enforcement policy, the inadequate screening, hiring, retaining, training, and supervising its employees, due to discrimination against plaintiff due to his race and/or nationality, and due to a custom or practice of falsification.

27. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK's Civilian Complaint Review Board) that many NYPD officers are insufficiently trained regarding the investigation of individuals who are present in buildings, have repeatedly arrested individuals for trespassing in buildings in which said individuals were lawfully present, disproportionately stop, detain, search, and arrest individuals based on their race and/or nationality, and otherwise engage in a practice of falsification.

28. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

29. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice,

defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

30. As a result of the foregoing, plaintiff PAUL AKOTO sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of his constitutional rights.

### Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

31. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "30" with the same force and effect as if fully set forth herein.

32. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

33. All of the aforementioned acts deprived plaintiff PAUL AKOTO, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

35. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

36. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

37. As a result of the foregoing, plaintiff PAUL AKOTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

38. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. Defendants arrested plaintiff PAUL AKOTO without probable cause, causing him to be detained against his will for an extended periods of time and subjected to physical restraints on March 7, 2010 and January 28, 2012.

40. Defendants caused plaintiff PAUL AKOTO to be falsely arrested and unlawfully imprisoned on each of the dates described above.

41. As a result of the foregoing, plaintiff PAUL AKOTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. With regard to the March 7, 2010 incident, the defendants initiated, commenced and continued a malicious prosecution against plaintiff PAUL AKOTO.

44. Defendants caused plaintiff PAUL AKOTO to be prosecuted without any probable cause until the charges were dismissed.

45. As a result of the foregoing, plaintiff PAUL AKOTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

46. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. Defendants issued criminal process against plaintiff PAUL AKOTO by causing his arrests and prosecution in Richmond County Criminal Court following his arrest on March 7, 2010.

48. Defendants caused plaintiff PAUL AKOTO to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority and thereby violated plaintiff's right to be free from malicious abuse of process.

49. As a result of the foregoing, plaintiff PAUL AKOTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

8

## AS AND FOR A FIFTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

50. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. The defendants falsely arrested and maliciously prosecuted plaintiff PAUL AKOTO because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

52. As a result of the foregoing, plaintiff PAUL AKOTO was deprived of his rights under the Equal Protection Clause of the United States Constitution.

53. As a result of the foregoing, plaintiff PAUL AKOTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

54. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

56. As a result of the foregoing, plaintiff PAUL AKOTO was deprived of his liberty and right to substantive due process, causing emotional and physical injuries.

57. As a result of the foregoing, plaintiff PAUL AKOTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against

9

the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

58.  Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.  Defendants had an affirmative duty to intervene on behalf of plaintiff PAUL AKOTO, whose constitutional rights were being violated in their presence by other officers, on March 7, 2010 and January 28, 2012.

60.  The defendants failed to intervene to prevent the unlawful conduct described herein.

61.  As a result of the foregoing, plaintiff PAUL AKOTO'S liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

62.  As a result of the foregoing, plaintiff PAUL AKOTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

63.  Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64.  The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly

supervise and train their subordinate employees.

65. As a result of the foregoing, plaintiff PAUL AKOTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

66. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

68. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, arresting individuals for mere presence inside of New York City Housing Authority or other buildings; engaging in racial profiling and/or racially motivated stops, searches and arrest; setting quotas that result in officers engaging in unlawful stops and arrests involving a disproportionate number of minorities, and a policy of falsification. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff PAUL AKOTO'S rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and

conduct complained of herein.

69. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff PAUL AKOTO.

70. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff PAUL AKOTO as alleged herein.

71. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff PAUL AKOTO as alleged herein.

72. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff PAUL AKOTO was unlawfully arrested, illegally searched, and maliciously prosecuted.

73. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff PAUL AKOTO'S constitutional rights.

74. All of the foregoing acts by defendants deprived plaintiff PAUL AKOTO of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from false arrest/unlawful imprisonment;

    C. To be free from the failure to intervene;

    D. To be free from malicious prosecution;

    E. To be free from malicious abuse of process; and

    F. To receive equal protection under law.

75. As a result of the foregoing, plaintiff PAUL AKOTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### Supplemental State Law Claims

76. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77. Within ninety (90) days after the January 28, 2012 claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

78. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

79. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

80. This action falls within one or more of the exceptions outlined in C.P.L.R. 1602.

### AS AND FOR A TENTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

81. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82. Defendants arrested plaintiff PAUL AKOTO without probable cause on January 28, 2012.

83. Plaintiff was detained against his will for extended periods of time and subjected

to physical restraints.

84. As a result of the aforementioned conduct, plaintiff PAUL AKOTO was unlawfully imprisoned in violation of the laws of the State of New York.

85. As a result of the aforementioned conduct, plaintiff PAUL AKOTO suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

86. As a result of the foregoing, plaintiff PAUL AKOTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

87. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88. As a result of the foregoing, plaintiff PAUL AKOTO was placed in apprehension of imminent harmful and offensive bodily contact on January 28, 2012.

89. As a result of defendant's conduct, plaintiff PAUL AKOTO has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

90. As a result of the foregoing, plaintiff PAUL AKOTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

91. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

92. Defendants made offensive contact with plaintiff PAUL AKOTO without privilege or consent on January 28, 2012.

93. As a result of defendants' conduct, plaintiff PAUL AKOTO has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

94. As a result of the foregoing, plaintiff PAUL AKOTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

95. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "94" with the same force and effect as if fully set forth herein.

96. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

97. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

98. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

99. The aforementioned conduct was intentional and for the sole purpose of causing

severe emotional distress to plaintiff PAUL AKOTO.

100. As a result of the aforementioned conduct, plaintiff PAUL AKOTO suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

101. As a result of the foregoing, plaintiff PAUL AKOTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A FOURTEENTH CAUSE OF ACTION**
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

102. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "101" with the same force and effect as if fully set forth herein.

103. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff PAUL AKOTO.

104. Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

105. As a result of the foregoing, plaintiff PAUL AKOTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A FIFTEENTH CAUSE OF ACTION**
(Negligent Training and Supervision under the laws of the State of New York)

106. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "105" with the same force and effect as if fully set forth herein.

107. Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff PAUL AKOTO.

108. As a result of the foregoing, plaintiff PAUL AKOTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

109. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "108" with the same force and effect as if fully set forth herein.

110. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

111. As a result of the foregoing, plaintiff PAUL AKOTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

112. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "111" with the same force and effect as if fully set forth herein.

113. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

114. As a result of the foregoing, plaintiff PAUL AKOTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §11)

115. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "114" with the same force and effect as if fully set forth herein.

116. As a result of defendants' conduct, plaintiff PAUL AKOTO was deprived of his right to equal protection of laws.

117. As a result of the foregoing, plaintiff PAUL AKOTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TWENTY-FIRST CAUSE OF ACTION

(Violation of N.Y.S. Constitution Article 1 §12)

118. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "117" with the same force and effect as if fully set forth herein.

119. As a result of defendants' conduct, plaintiff PAUL AKOTO was deprived of his right to security against unreasonable searches, seizures, and interceptions.

120. As a result of the foregoing, plaintiff PAUL AKOTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff PAUL AKOTO demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
September 9, 2013

                                LEVENTHAL & KLEIN, LLP
                                Attorneys for Plaintiff PAUL AKOTO
                                45 Main Street, Suite 230
                                Brooklyn, New York 11201
                                (718) 722-4100

By: _/s/ Brett H. Klein_____
      BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

PAUL AKOTO,

                                                   Plaintiff,

                              13 CV 1189
   -against-                                   (ENV) (VVP)

CITY OF NEW YORK, JOHN FAHIM, Individually,
MICHAEL PARISI, Individually, IGNAZIO CONCA,
Individually, MICHAEL BROOKS, Individually,
JONMICHAEL RAGGI, Individually, JOHN CIRELLI,
Individually, and JOHN and JANE DOE 1 through 10,
Individually (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                          Defendants.

-------------------------------------------------------------------------X


**AMENDED COMPLAINT**


                         **LEVENTHAL & KLEIN, LLP**
                          Attorneys for the Plaintiff
                          45 Main Street, Suite 230
                          Brooklyn, New York 11201
                             (718) 722-4100